IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2015

# IN RE: HILL'S BONDING COMPANY

**Appeal from the Criminal Court for Roane County**
No. 14-CR-29      E. Eugene Eblen, Judge

**No. E2014-02355-CCA-R3-CO-FILED-MAY 13, 2015**

The Appellant, Hill's Bonding Company, filed a petition for permission to issue bail bonds in the Ninth Judicial District. The trial court denied the Appellant's petition, stating that it was not considering any such petitions at the present time. The Appellant appeals the trial court's denial. The State concedes that the trial court did not have the authority to deny the Appellant's petition. After review, we reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Greg Leffew, Rockwood, Tennessee, for the appellant, Hill's Bonding Company.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from the Appellant's February 19, 2014, petition seeking authority to write criminal bonds in the Ninth Judicial District. The Appellant filed all necessary documentation in support of the petition, and a hearing was held on November 3, 2014. Following the hearing, the trial court issued an order denying the Appellant's petition, wherein it stated that the Appellant was "the next bonding company in line to be considered for approval however, the Court is not considering the approval of any more bonding companies at this time." It is from this judgment that the Appellant now appeals.

On appeal, the Appellant contends that the trial court erred when it denied the petition. The Appellant contends that the judgment is in direct contravention of this Court's holding in *In Re: Cumberland County Bonding Co.*, No. E2012-02556-CCA-R3-CO, 2013 WL 4734801, at *5 (Tenn. Crim. App., at Knoxville, Sept. 3, 2013), *no Tenn. R. App. P. 11 app. filed*. The State agrees and responds that, because the trial court did not cite "statutory authority to deny the [A]ppellant the ability to issue bonds," its denial of the Appellant's petition contravenes the holding in *Cumberland*.

In *Cumberland*, the appellant petitioned the trial court for approval to issue bonds in the Ninth Judicial District. After a hearing, the trial court denied the appellant's petition, stating that the appellant was qualified to write bonds and would be the next bond company on the waiting list to be approved. *Id.*, 2013 WL 4734801, at *2-3. On appeal, the appellant contended that Tennessee Code Annotated section 40-11-125 did not give the trial court the authority to create a waiting list for bond companies and that, by doing so, the trial court was "manipulating the economic market for bond companies." *Id.* at *3. This Court agreed, specifically noting a 1989 Attorney General Opinion which stated:

> [t]he Legislature has vested the Circuit and Criminal courts with jurisdiction and powers conferred by [Tennessee Code Annotated section] 40-11-101, *et seq.*, none of which authorize the limitation of the number of bail bondsmen within the courts' judicial districts." Tenn. Op. Atty. Gen., No. 89-132, 1989 WL 434624 (Oct. 4, 1989), at *2. The opinion concludes that in the absence of a specific legislative grant of authority, a trial court has no power to limit the number of bail bondsmen within its jurisdiction:
>
>> Although [Code sections 40-11-124(a), -125(a), and -303(a)] grant circuit courts exercising criminal jurisdiction limited supervisory authority over bail bondsmen, they do not provide any authority for courts to limit the number of bondsmen in the jurisdiction. *Thus, it appears a circuit court judge has no power to limit the number of bail bondsmen within its jurisdiction absent an express legislative grant of such authority.*
>
> *Id.* (emphasis added).

*Cumberland*, 2013 WL 4734801, at *5. Upon *de novo* review in accordance with Tennessee Code Annotated section 40-11-125(b), this Court reversed the trial court's denial of the appellant's petition, holding that "[s]o long as the bondsman complies with the [relevant] statutes . . . and meets a fair and reasonable standard in the conduct of his business before these courts, then there is no one going to prevent him from practicing his profession

2

therein." *Id.* at *3, *6 (citing *Taylor v. Waddey*, 334 S.W.2d 733, 737 (Tenn. 1960)). We remanded the case for entry of an order approving the appellant to write bonds in the Ninth Judicial District.

The facts of the present case are directly on point with those in *Cumberland*, and our holding is the same. The Appellant in this case, as in *Cumberland*, was found by the trial court to have met all the requirements to be approved to issue bonds. Giving no reason other than it was not considering bond company petitions at the time, the trial court denied the Appellant's petition. "[A] trial court does not have the power to limit the number of bail bondsmen with its jurisdiction absent a legislative grant of authority." *Cumberland*, at *5. Accordingly, the trial court's denial of the Appellant's petition is reversed and remanded to the trial court for an entry of an order approving the Appellant's petition upon a finding by the trial court that the Appellant has met the statutory qualifications required.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we reverse the trial court's judgment. We remand this case for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE